By the Court.
 

 This action in mandamus was commenced in the Court of Appeals of Darke county by Henderson M. Albright and Myrtle L. Albright, as relators, to compel the trustees of the children’s home of Darke county to reinstate them as superintendent and matron, respectively, of the home as of March 1, 1940, and to require the members of the state civil service commission to restore and reinstate them as superintendent and matron on the pay roll of the classified civil service of the state of Ohio.
 

 Relators are husband and wife and were admittedly appointed to the positions named' on May 1, 1927, under the classified civil service. In their petition they alleged wrongful and illegal discharge by the trustees of the children’s home on February 12, 1940.
 

 For answer, the trustees made certain admissions and denials and further averred that the relators resigned their positions after the discovery that Henderson M. Albright had misappropriated certain county and trust funds in his hands. The reply denied the affirmative allegations of the answer.
 

 
 *552
 
 From the transcript of the evidence contained in the record, it appears that on January 31, 1940, a state examiner for the bureau of inspection, division of public offices, began an investigation of the financial affairs of Mr. Albright, as superintendent, covering a period beginning March 1, 1938. A number of shortages were found in different funds, and restitution was subsequently made in the sum of $586.89, partly by Mr. Albright himself and partly through his attorney.
 

 As a result of the findings of the examiner, several indictments were returned against Mr. Albright by a Darke county grand jury. He was tried on one of them and acquitted.
 

 On February 9, 1940, the examiner and the home trustees met in the office of the then Prosecuting Attorney of Darke county to discuss the conduct of Mr. Albright, and two days later Mr. and Mrs. Albright came to the prosecutor’s office by appointment. The prosecutor then advised them that in view of the discoveries made they would probably have to leave the children’s home, to which Mrs. Albright replied that they knew they would have to go and were ready to do so, but wanted a reasonable time to collect their belongings. In regard to the shortages, Mr. Albright said he intended to pay everything he owed and had a life insurance policy of sufficient cash value to satisfy all claims.
 

 On the evening of February 12, 1940, the trustees met at the children’s home to determine finally what should be done with respect to Mr. and Mrs. Albright. Before definite action was taken, the Albrights were called into the meeting room, whereupon Mrs. Albright volunteered the statement that she knew they were going to have to leave, but wanted permission to remain until March 1st.
 

 On February 29, 1940, the trustees, together with the state examiner, again met at the children’s home
 
 *553
 
 with the Albrights. After a valuation had been placed upon some pigs that had been taken from the home to Mr. Albright’s own farm and another financial matter had been adjusted, Mr. and Mrs. Albright left the home, with their personal effects. Almost three months thereafter, the present action was begun in the Court of Appeals.
 

 From the evidence narrated, the Court of, Appeals reached the conclusion that the oral expressions and behavior of the Albrights amounted to a resignation— a voluntary relinquishment of the positions held. It also concluded that there were at least serious irregularities in the handling of funds by Mr. Albright, as superintendent, and the writ was denied.
 

 Such conclusions find support in the evidence, and no compelling reason is presented for this court to disturb the judgment rendered.
 

 It is well established that the issuance of the extraordinary writ of mandamus lies within the sound discretion of the court, and one seeking the writ must show a clear legal right thereto. And while mandamus is considered a legal remedy, equitable principles often govern its issuance, and it may be denied to those who do not come before the court with clean hands. 34 American Jurisprudence, 829, Section 33.
 

 No reversible error appearing in the judgment of the Court of Appeals, the same is affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Turner, Williams, Matthias, Hart and Zimmerman, JJ., concur.
 

 Bettman, J., not participating.