STATE, EX REL. BRADFIELD ET, RELATORS-APPELLEES, v. PRESTON, DIRECTOR OF HIGHWAYS, RESPONDENT-APPELLANT.

Ohio Appeals, Seventh District, Monroe County.

No. 371. Decided June 7, 1961.

538

*Messrs. Sherry & Christy,* for relators-appellees.

*Mr. Mark McElroy,* attorney general, and *Mr. James Moscato,* assistant attorney general, for respondent-appellant.

*Per Curiam.* This action is before this Court on the appeal on questions of law from the allowance of a writ of mandamus in the Common Pleas Court of Monroe County.

The relators are owners of property adjacent to a proposed highway improvement in Monroe County.

The petition alleges that the agents of the Director of Highways had come upon the property of the relators for the purpose of improving a roadway and under a claim of right so to do by reason of negotiations with the County Commissioners of Monroe County in 1934. The relators claim title to the property and request a writ ordering the Director of Highways to proceed to appropriate the property taken.

The Common Pleas Court ordered the Director of Highways to institute proceedings as provided by Section 5519.01, Revised Code, to accomplish the appropriation of an easement

for highway purposes over relators' property, stating that such easement should include all improvements, changes and alterations to the state route in question in the area of respondent's property.

The trial court further ordered that a separate action on file in said court involving part of the property involved herein, but an action that is entirely separate from this mandamus action, be dismissed.

Upon review of the proceedings had in the common pleas court, wherein testimony was taken, the pleadings, the bill of exceptions, briefs and arguments of counsel this court holds that the common pleas court was wholly without jurisdiction to issue the writ in the instant case.

"It is well established that the issuance of the extraordinary writ of mandamus lies within the sound discretion of the court, and one seeking the writ must show a clear legal right thereto." *State, ex rel. Albright, v. Haber,* 139 Ohio St., 551.

"A writ of mandamus will not issue to compel the observance of law generally, but will be confined to commanding the performance of specific acts specially enjoined by law to be performed. * * *

"A peremptory writ of mandamus will not, in any case, be issued, unless the right of the relator thereto be clear, and the act, performance of which is desired, be one of absolute obligation on the part of the person or officer sought to be coerced * * *." *State, ex rel. Stanley v. Cook, Superintendent of Banks,* 146 Ohio St., 348, 66 N. E. (2d), 207, paragraphs one, seven and ten of the syllabus.

The relators' remedy in this action is one for damages to be filed by them against the Director of Highways for having taken their property for highway purposes, said property belonging to the relators, without determining and paying the compensation which is required. 18 American Jurisprudence, 1023. Incidental and ancillary to this action of course would be injunction.

The court was without jurisdiction in this case to order the dismissal of case number 15930, an entirely separate proceedings in appropriation. If it should develop that that case should be dismissed for some valid reason the entry must be made

in that case and must be based upon the proceedings in that case only.

The facts pleaded show no clear right to the relief prayed for. Judgment reversed and final judgment entered for the respondent.

BROWN, P. J., DONAHUE and GRIFFITH, JJ., concur.